**SU LAN CHEN, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**No. 07–3881–ag.**

United States Court of Appeals, Second Circuit.

Aug. 13, 2008.

Su Lan Chen, pro se, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Su Lan Chen, a native and citizen of China, seeks review of an August 16, 2007 order of the BIA affirming the February 24, 2006 decision of Immigration Judge ("IJ") Alan L. Page, which denied her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shu Lan Chen,* No. A97 385 461 (B.I.A. Aug. 16, 2007), *aff'g* No. A97 385 461 (Immig. Ct. N.Y. City Feb. 24, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007); *Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006) (reviewing the question of nexus for substantial evidence). However, we will vacate and remand for

new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

As an initial matter, we deem Chen's CAT claim abandoned because she failed to challenge the IJ's denial of that claim in her brief to this court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

We find no error in the IJ's denial of Chen's application for asylum and withholding of removal. In addition to showing past persecution or a well-founded fear, to establish eligibility for relief an applicant must establish that the persecution was or will be on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A). Here, substantial evidence supports the IJ's determination that Chen failed to establish a nexus between her claimed fear of harm due to her boyfriend's assault of a relative of a police chief and a protected ground. Chen never alleged that any prosecution or extralegal punishment she might face would be even partially related to a protected ground. *See Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir.1994) (noting that an applicant can establish a nexus to a protected ground even where there are mixed motives for his persecution). Rather, the IJ appropriately characterized Chen's claim as involving a "personal vendetta." Although "prosecution for an offense may be a pretext for punishing an individual for his political opinion," *see In re S–P–,* 21 I. & N. Dec. 486, 493 (BIA 1996), Chen does not claim there is any such pretext here. In the absence of any

testimony or other evidence indicating persecution on account of a protected ground, we cannot find any error in the IJ's nexus finding, which was a proper basis for his denial of Chen's application for asylum and withholding of removal. *See Yueqing Zhang,* 426 F.3d at 544–45 (emphasizing that asylum applicants are required to show the persecutor's motive through direct or circumstantial evidence).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.